UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────────

HENRY BENITEZ,

                              DECISION & ORDER

                    Plaintiffs,

                              16-CV-6219W

          v.

K. SALOTTI, Nurse, et al.,

                    Defendants.

───────────────────────────────────────────


          Plaintiff, who is incarcerated and represents himself, has filed a motion to compel

defendants to identify those John and Jane Doe Defendants (the "Doe Defendants") whose

names plaintiff does not know.  (Docket # 78).  Plaintiff maintains that counsel for the named

defendants has not cooperated with him in his efforts to identify the Doe Defendants and has

acted in bad faith.  (*Id.* at ¶¶ 9-10).  The record refutes plaintiff's characterization of counsel's

conduct.  Plaintiff's motion is denied.

          Plaintiff's original complaint in this action filed on April 4, 2016, which was

brought pursuant to 42 U.S.C. § 1983, named thirty defendants and twelve Doe Defendants.

(Docket # 1).  Separate answers have been filed by twenty-nine of the named defendants.

(Docket ## 20-46, 49, 51).  In accordance with this Court's scheduling order, on March 31, 2017,

defendants provided disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure.

(Docket ## 58, 62-63).  Those disclosures included, *inter alia*, copies of plaintiff's medical

records, grievance records, memoranda, correspondence, and disciplinary hearing records.

(Docket ## 62-63).  Plaintiff also served interrogatories, some of which asked various of the

defendants to identify the names and titles of the Doe Defendants; they answered that they did

not know the Doe identities. (Docket ## 64, 68-72). The deadline for completion of fact discovery was February 28, 2018. (Docket # 79).

On May 19, 2017, plaintiff wrote to defendants' counsel to inquire about the identities of various Jane Does. (Docket # 78 at 8). Three days later, counsel responded by letter, "If you can identify specific [medical records] and cannot read names, please provide me with those [medical records] and I will attempt to identify these people's names." (*Id.*). In response to plaintiff's subsequent identification of entries on particular medical records, defendants' counsel identified two individuals (Nurse Leona Deming and Dr. Tarbout). (Docket # 82 at 3, 8). Counsel indicated the name of the provider for one entry was "unknown." (*Id.*). Shortly thereafter, plaintiff apparently inquired about another Doe Defendant with reference to facility logbooks (*id.* at 3);[1] counsel responded by letter dated July 11, 2017, that if plaintiff provided a copy of the logbook entry at issue, he would inquire about it. (Docket # 78 at 10). According to counsel, plaintiff did not provide a copy of the logbook entry; nor apparently did he request through discovery copies of any relevant logbook records he may not have had.[2] Rather, over five months later, on December 20, 2017, plaintiff filed the instant motion. (Docket # 78).

This record demonstrates that defendants' counsel timely responded to plaintiff's letters seeking assistance in deciphering names on records that plaintiff finds illegible. Counsel reasonably requested plaintiff to provide him with copies of the illegible entries so that counsel could attempt to ascertain the names. In the first instance, plaintiff did so, and counsel was able to identify the names on four of the five entries queried. In the second instance, plaintiff inexplicably did not identify the logbook entry about which he sought information. If plaintiff

---

[1] A copy of plaintiff's letter is not in the record before the Court.

[2] The record is unclear whether defendants have produced logbook records to plaintiff.

had the records about which he wanted counsel to inquire, he should have provided them to counsel.  If he did not, he should have sought them through the discovery process.  There is no reason to believe plaintiff could not have done one or the other.

Plaintiff's pending motion states, in sum and substance, that he believes the identifies of the Doe Defendants are contained in defendants' records and the records defendants have produced "are irrelevant and incomplete since they do not reflect the identity of the John Doe and Jane Doe individuals listed in the complaint."  (*Id.* at ¶¶ 4, 9).  These conclusory allegations are insufficient to impose on defendants' counsel the obligation to review every conceivable record relating to the claims against forty-two named and unnamed defendants to guess at the identities of the Doe Defendants whom plaintiff has included in his complaint.  Plaintiff must do more than he has done here to meet his burden of identifying those additional defendants he wishes to sue whose names he does not know.  *See*, *e.g.*, *Bellet v. City of Buffalo*, 2010 WL 3522224, *5 (W.D.N.Y. 2010) ("plaintiff had a number of discovery devices available to him to identify the correct defendant, . . . but he failed to do so[;] [t]his failure . . . falls upon plaintiff, not the court"); *Gillard v. Rovelli*, 2010 WL 5149277, *8 (N.D.N.Y.) (recommending dismissal of Doe defendants; "a *pro se* prisoner proceeding *in forma pauperis* is required to provide the information to identify the defendant to be served, . . . which plaintiff has not done"), *report and recommendation adopted by*, 2010 WL 5147258 (N.D.N.Y. 2010); *Carpio v. Luther*, 2009 WL 605300, *1 (W.D.N.Y. 2009) ("plaintiff . . . retains the obligation to provide the necessary information to name or identify the defendant and to serve him[;] [w]ithout any further information, neither the court nor the Attorney General's Office is in a position to assist plaintiff and it will therefore be the responsibility of plaintiff to attempt to learn or obtain information regarding the identities [of the Doe defendants] through discovery"); *Hunter v. Hill*, 2009 WL

483154, *2 (W.D.N.Y. 2009) (noting that "plaintiff was advised that if he could not identify the defendant in this matter or provide sufficient information so that the Court could further request[,] pursuant to *Valentin*, . . . the Erie County Attorney's Office to ascertain whom the defendant may be and identify him so that service could be made, the Court would have no alternative but to dismiss the [complaint]").

## CONCLUSION

For the reasons stated above, plaintiff's motion to compel **(Docket # 78)** is

**DENIED**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
      July 25, 2018